JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>WRIGHTWOOD GUEST RANCH, LLC,<br><br>Debtor. | Case No. EDCV 16-1768-MWF<br><br>ORDER RE CHAPTER 11 TRUSTEE AND APPELLEE'S MOTIONTO DISMISS CONSOLIDATED BANKRUPTCY APPEALS [13] |

Before the Court are two consolidated appeals from the United States Bankruptcy Court. The Court is in receipt of Chapter 11 Trustee and Appellee Richard J. Laski's Motion to Dismiss Consolidated Bankruptcy Appeals, filed on September 28, 2016. ("the Motion," Docket No. 13). Appellant Reid & Hellyer, APC ("Reid & Hellyer") filed an Opposition on October 19, 2016. (Docket No. 19). Appellant law firm Walter Wilhelm Bauer ("WWB") also filed an Opposition on October 21, 2016. (Docket No. 21). Appellee filed a Reply on October 28, 2016. (Docket No. 22). WWB filed a Sur-Reply with the Court's permission on November 16, 2016. (Docket No. 26).

The Court has reviewed the papers and held a hearing on November 21, 2016.

The Court **GRANTS** the Motion for the reasons stated below. First, each Appellant's failure to object on the record and on its own behalf deprives them of standing to appeal the bankruptcy court's decision. Second, and as an independent

ground for dismissal, the Court rules that the appeals are moot because Appellants failed to seek a stay of the bankruptcy court's orders prior to appealing.

## I. BACKGROUND

In August 2015, an involuntary bankruptcy petition was filed against Debtor Wrightwood Guest Ranch, LLC. The appointed Trustee, Appellee here, determined after reviewing the Debtor's assets that a sale of the property was in the best interest of the Debtor's Estate and creditors. On June 28, 2016, the Trustee filed a motion in the bankruptcy court to have the proper sale authorized. (Appellee's Supplement to the Motion, Ex. 1, Docket No. 14-1). One day later, the Trustee reached a settlement with the principal secured creditor, GreenLake Real Estate Fund LLC ("GreenLake"), and filed a motion to have the settlement approved by the bankruptcy court. (Docket No. 14-2).

Several parties filed written oppositions to the Trustee's motion to have the settlement approved: the Official Committee of Unsecured Creditors (Docket No. 14-3), Richard and July Hallett (Docket No. 14-4), and SWG, Inc. (Docket No. 14-6). The bankruptcy court held multiple hearings on July 19, 2016, regarding the property sale. At one of those hearings, an attorney from Appellant Reid & Hellyer made an appearance on behalf of the Committee of Creditors. (Docket No. 14-9). An attorney for Appellant WWB appeared telephonically on behalf of the Debtor. (*Id.*). The bankruptcy court granted the sale motion and the motion seeking to have the settlement approved pursuant to Federal Rule of Bankruptcy 9019. (*Id.*).

On August 5, 2016, the bankruptcy court entered the Settlement Order approving the Rule 9019 Motion. (Docket No. 14-10). On August 16, 2016, Reid & Hellyer filed a timely appeal of the Settlement Order. (Docket No. 14-12). That same day, Reid & Hellyer also filed a motion to be relieved as attorney for the Committee of Creditors. (Docket No. 14-11). The motion to withdraw as attorney was denied by the bankruptcy court. (Case 6:15-bk-17799-SC, Docket No. 395).

2

1  WWB filed a timely appeal of the Settlement Order on August 24, 2016.
2  (Docket No. 14-13).  This Court consolidated the two appeals on September 22,
3  2016.  (Docket No. 10).  On August 30, 2016, the bankruptcy court entered a sale
4  order, approving the sale of the bankruptcy estate's interest in 300 acres of real
5  property, pursuant to the Settlement Agreement.  (Docket No. 14-15).  No party
6  appealed this sale order.  Accordingly, the sale of the property closed on
7  September 9, 2016.  (Motion at 7).

**II.    DISCUSSION**

Appellee argues that the consolidated appeals should be dismissed for two reasons: (1) Appellants lack standing to appeal the Settlement Order and (2) the consolidated appeals are moot.  The Court addresses each argument.

**A.    Appellants' Standing to Appeal**

"Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order." *In re Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983).  Because bankruptcy litigation "generally affect[s] the rights of many . . . courts have created an additional prudential standing requirement in bankruptcy cases: The appellant must be a 'person aggrieved' by the bankruptcy court's order." *See In re Am. Eagle Mfg., Inc.*, 321 B.R. 320, 328 (B.A.P. 9th Cir. 1999) ("The Ninth Circuit Court of Appeals has adopted the 'person aggrieved' test ... as the standard for determining whether a party possesses appellate standing under the [Bankruptcy] Code.").  The person aggrieved standard is "more exacting than the requirements for general Article III standing." *In re Andreuccetti*, 975 F.2d 413, 416 (7th Cir. 1992); *accord In re Heatherwood Holdings*, LLC, 746 F.3d 1206, 1216 (11th Cir. 2014); *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 117 (1st Cir. 2001); *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 530 (3d Cir. 1999).

Parties must generally attend any hearings concerning a motion and object to the motion in order to have the right to appeal any resulting order from the

1  bankruptcy court.  *See In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1334 (9th
2  Cir. 1985) ("[W]e agree that the attendance and objection should usually be
3  prerequisites to [appealing]."); *see also In re Am. W. Airlines, Inc.*, 217 F.3d 1161,
4  1165 (9th Cir. 2000) (party that raises an argument for the first time on appeal
5  from the ruling of a bankruptcy court is generally deemed to have waived the
6  argument); *In re West Covina Motors, Inc.*, 2015 WL 5601821, at *2 (C.D. Cal.
7  Sept. 22, 2015) (discussing the appear and object standard); *In re Wade*, 2014 WL
8  5088258, at *2 (N.D.Cal. Oct. 9, 2014) (district courts' "appellate jurisdiction
9  extends only to matters raised before the Bankruptcy Court").

10  Appellee argues in the Motion that neither Appellant has standing to appeal
11  the Settlement Order here because neither party attended the hearings on the
12  motion or objected to the motion in writing.

13  **1.     Reid & Hellyer's Standing to Appeal**

14  Reid & Hellyer served as counsel to the Committee of Creditors of
15  Unsecured Claims in the bankruptcy court.  As counsel, it filed an opposition to the
16  Rule 9019 Motion filed by Trustee/Appellee, arguing that the settlement should not
17  be approved.  It did not file an opposition on its own behalf, or obtain outside
18  counsel to do so.  The Reid & Hellyer attorney who appeared at the July hearing in
19  front of the bankruptcy judge did so in his capacity as counsel for the Committee.
20  Appellee argues that because no appearance was made by Reid & Hellyer in its
21  own capacity, and likewise no such objection was filed, Reid & Hellyer lack
22  standing to appeal the bankruptcy court's order.

23  Reid & Hellyer responds that it does have standing because it was and is
24  privy to the Committee on the basis that it was its counsel of record.  For that
25  argument, it cites a single quote from *W. Fin. Corp.*: "The rule in federal courts is
26  that a person cannot appeal from an order, decree, or judgment who is not a party
27  or privy to the record." 761 F.2d at 1334.  And "privity exists between a party and
28  its attorneys." *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000).

1 Appellee notes correctly in his Reply that this quote concerning privity actually
2 comes from the Ninth Circuit's decision in *In re Rose*, 86 F.2d 69, 71 (9th Cir.
3 1936). The opinion in *In re Commercial W. Fin. Corp.* discussed this privity
4 standard and noted that it was decided before Congress amended the Bankruptcy
5 Code to bolster the standing requirements. 761 F.2d at 1134. Therefore, under the
6 person aggrieved standard currently applied, privity between parties is not
7 necessarily enough to establish standing to appeal.

8 The Seventh Circuit addressed this question in a nearly identical case, *In re
9 Ray*, 597 F.3d 871, 877 (7th Cir. 2010). The Seventh Circuit held that a law firm
10 did not have standing to appeal a decision of the bankruptcy court when the firm
11 had appeared only on behalf of its client in the bankruptcy court, and not on its
12 own behalf. *Id.* ("Becker's failure to enter an appearance or present its objections
13 to the bankruptcy court precluded it from appealing the dismissal order to the
14 district court."). The firm in that case made many of the same arguments made by
15 Reid & Hellyer here. For example, the firm argued that it had appeared at the
16 bankruptcy court hearings, and that its interested aligned with its clients. *Id.* at
17 875. The court rejected these arguments, noting the lack of any formal
18 announcement that the attorney was appearing on behalf of the *firm*. *Id.* ("[T]he
19 critical issue remains whether there is any evidence in the bankruptcy court record
20 that Mr. Reich filed an appearance on behalf of Becker or informed the bankruptcy
21 court or the parties that Gray Robinson represented Becker."). The Seventh Circuit
22 also noted that while the attorney had made reference to the "administrative
23 claimants" at the hearing, he did not state that he was representing those claimants.
24 *Id.* at 876. Similarly, Reid & Hellyer cites transcripts of the hearing showing its
25 attorney stated the Trustee had a fiduciary duty to the administrative professionals.
26 (Reid & Hellyer Opposition at 15, citing Docket No. 14-9). At one point in the
27 hearing, the Reid & Hellyer attorney even stated that these professionals "would
28 include my office." (*Id.*).

Reid & Hellyer alleges that the *In re Ray* standard is needlessly harsh. For example, it cites a case from this District construing *In Re Ray* case, in which the district court found that the appellant Committee lacked standing to appeal because it had not objected at the hearing. *In re Marciano*, 2013 U.S. Dist. LEXIS 27877, at *4–9 (C.D. Cal. Feb. 27, 2013). Reid & Hellyer argues that the case shows that *In re Ray* has been interpreted to impose less strict standards on appellants. (Reid & Hellyer Opposition at 14). But the district court read the case in the opposite light. The district court specifically stated that "[i]n light of the purposes served by" the standing requirements in bankruptcy appeals, "courts seem to have interpreted them strictly." 2013 U.S. Dist. LEXIS 27877, at *6. The district court then immediately discussed the *In re Ray* case. The district court then ruled that the appellant lacked standing. Far from a "rejection" of *In re Ray*, the district court seemed to accept its strict standard and apply it accordingly.

While not binding, the Court deems the discussion in *In re Ray* to be persuasive. The standing requirements for bankruptcy appeals serve important purposes, and parties must make their objections known to the bankruptcy court to later appeal any decision. Reid & Hellyer emphasized at the hearing that the bankruptcy court understood payment of the firm was an issue at the hearing. (Reid & Hellyer Opposition at 14–18). Indeed, the bankruptcy court acknowledged several times that approving the settlement would mean less pay for Reid & Hellyer. (*Id.*, citing Docket No. 14-9). The bankruptcy court seemed to understand that the Reid & Hellyer attorney was concerned with the payment to his firm should the settlement be approved. (Docket No. 14-9 at 13) (discussing why Reid & Hellyer, as committee counsel, might disapprove of the settlement).

Appellee notes that if the Reid & Hellyer attorney had appeared in a "dual" role, as argued in this Court, a conflict of interest between the firm and its client the Committee may have arisen. Indeed, Reid & Hellyer acknowledged as much when it sought to withdraw as attorney for the Committee before filing this appeal.

6

1  (Docket No. 14-11) ("Movant seeks to withdraw as counsel because it believes an
2  actual conflict of interest exists insofar as Movant is appealing the Court's Order
3  Granting Chapter 11 Trustee's Motion for Order Approving Settlement Between
4  Trustee and Greenlake Real Estate Fund, LLC [Doc. #353]."). The Court doubts
5  that Reid & Hellyer would have intentionally and knowingly caused a conflict of
6  interest between the firm and its client by appearing and objecting on the firm's
7  behalf at the hearing. The more logical conclusion is that the firm appeared on
8  behalf of only its client at the hearing before the bankruptcy court.

9        The bankruptcy court denied the Motion to Withdraw because it was
10 incomplete. (Case 6:15-bk-17799-SC, Docket No. 395). In doing so, however, the
11 court noted that standing to appeal might be an issue for Reid & Hellyer:

> Standing to appeal, as well as waiver, may be an issue. First,
> Reid & Hellyer never opposed the settlement motion in their
> own capacity as administrative claimants. As an administrative
> claimant, Reid & Hellyer may have no direct pecuniary interest
> in, and may not be financially impacted by the settlement
> order. The settlement involved a carve-out of an underwater
> real property, which provided earmarked funds to unsecured
> creditors and certain administrative creditors from the secured
> creditor. The case is possibly administratively insolvent. If the
> case is not administratively insolvent, then Reid & Hellyer has
> no pecuniary interest in the settlement. If the case is
> administratively insolvent, and if the settlement order were to
> be reversed by Reid & Hellyer's appeal, Reid & Hellyer would
> be no better off because the underwater property would be
> returned to the Debtor and ultimately foreclosed upon.

27 (*Id.* at 2 n.1). Therefore, the bankruptcy court seemed to agree with Appellee's
28 position here that Reid & Hellyer lacks standing to appeal. At the hearing before

7

this Court, Reid & Hellyer noted that the bankruptcy court had not been briefed on this issue before making this statement. Nonetheless, the bankruptcy court's remarks, even if preliminary, show the strength of the reasoning in *In re Ray*.

Having considered the arguments of the parties presented in the briefing and at the hearing, the Court concludes that the standard articulated in *In re Ray* should apply, and that Reid & Hellyer lacks standing due to its failure to object on the record and on its own behalf at the hearing in the bankruptcy court.

### 2. WWB's Standing to Appeal

Appellant WWB is also a law firm and represented the Debtor in the bankruptcy court. The issues surrounding its standing to appeal mirror those discussed above. No written opposition was filed by WWB on its own behalf in the bankruptcy court, nor did it appear on its own behalf and object at the hearings. WWB's arguments regarding standing are nearly identical to those presented by Reid & Hellyer. First, with respect to privity, the Court has already rejected that line of reasoning above. Second, WWB points to various instances in the transcript when the WWB attorney objected to the settlement. She even remarked that the settlement might hurt the administrative claimants. But as discussed above, merely mentioning the effect an order might have on the administrative claimants, rather than making it clear that one is representing those claimants, is generally not enough to give a party standing to appeal in the bankruptcy context.

For the same reasons as stated above with respect to Reid & Hellyer, the Court concludes WWB lacks standing to appeal here because it failed to formally object on the record on its own behalf at the hearing in the bankruptcy court.

### B. Mootness

Appellee also argues that, independent of the standing issue, the consolidated appeals must be dismissed for mootness. "The party moving for dismissal on mootness grounds bears a heavy burden." *In re Mortgages Ltd.*, 771 F.3d 1211, 1214 (9th Cir. 2014).

"An appeal is constitutionally moot when events occur during the pendency of the appeal that make it impossible for the appellate court to grant effective relief." *In re Hernandez*, 483 B.R. 713, 719 (9th Cir. BAP 2012). Equitable mootness arises "when there has been a comprehensive change of circumstances . . . so as to render it inequitable for [the] court to consider the merits of the appeal." *In re Mortgages Ltd.*, 771 F.3d at 1214. "Bankruptcy's mootness rule 'developed from the general rule that occurrence of events which prevent an appellate court from rendering effective relief renders an appeal moot, and the particular need for finality in orders regarding sales in bankruptcy." *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1172 (9th Cir. 1988).

In determining mootness, "the first step is whether the appellant applied to the bankruptcy judge for a stay or gave an adequate reason on the record for not doing so." *In re Mortgages Ltd.*, 771 F.3d at 1215. Appellee argues that neither appellant applied for a stay pending appeal, and thus the appeals must be dismissed as moot. (Motion at 12). The requirement that a party seek a stay of a bankruptcy court order before appealing "is grounded in important principles of equity." *In re Mortgages Ltd.*, 771 F.3d at 1216.

Appellee argues that because no stay was requested or implemented, it would be impossible to put the parties back in their original position, even if this Court reversed the bankruptcy court. (Motion at 12–13). Each Appellant acknowledges that it did not seek a stay, but argues that this failure does not automatically render the appeals moot. The Ninth Circuit has stated that the failure to "gain" a stay is not necessarily reason enough to find a case moot. *In re Thorpe Insulation Co.*, 677 F.3d 869, 881–882 (9th Cir. 2012). But in that case the appellant had *sought* a stay from both the Ninth Circuit and the Circuit Justice. *Id.* Had they not done so, the court may have found they "sat on their rights." *Id.* Appellants cite in their briefs to a single decision from this District in which the court determined a failure to seek a stay did not render the appeal moot. *See In re*

9

1  *Hunt*, 2016 U.S. Dist. LEXIS 122561, at *6–8 (C.D. Cal. Sept. 9, 2016)
2  (concluding that failure to seek a stay did not render appeal moot). The court there
3  cited *In re Thorpe Insulation Co. Id.* But the portion of the decision cited dealt
4  with whether an appeal was moot due to events occurring after the bankruptcy
5  court's order. The Ninth Circuit stated that it would be inequitable to dismiss the
6  appeals merely because reorganization had proceeded in the absence of a stay. 677
7  F.3d at 881–82. The Ninth Circuit did not, however, hold that failure even to seek
8  a stay could or should be excused.

9        Appellants point to no case from the Ninth Circuit or any Circuit holding
10 such. And given the strong language found in Ninth Circuit case law concerning
11 the requirement that appellants have sought a stay in the bankruptcy court, the
12 Court is inclined to find this appeal moot. As recently as last year the Ninth
13 Circuit highlighted the importance of seeking a stay:

> *Mortgages I* and *Mortgages II* together highlight the
> importance of diligence in the equitable mootness analysis.
> In *Mortgages I,* the appellant had failed to seek a stay while
> pursuing an appeal. 771 F.3d at 1214. That the appellant had
> sat on its rights weighed heavily in favor of holding the appeal
> equitably moot. *Id.* at 1217. In *Mortgages II,* by contrast, the
> appellant had sought a stay pending the appeal. 771 F.3d at
> 627. We held that the appeal was not equitably moot and, in
> doing so, specifically emphasized the request for a stay as a
> factor differentiating it from *Mortgages I.*

24 *In re Transwest Resort Properties, Inc.*, 801 F.3d 1161, 1168 (9th Cir. 2015).
25 Appellants did not apply for a stay and have not provided a reason for not doing so,
26 other than arguing it was unnecessary.

27       At the hearing, Appellants cited three cases to support their argument that
28 these appeals are not moot. First, they cited *In re Focus Media, Inc.*, 378 F.3d 916,

1  924 (9th Cir. 2004).  But in that case the appellant had sought a stay in the
2  bankruptcy court, but the stay request had been denied.  *Id.* ("Finally, unlike the
3  appellants in Roberts Farms, Focus did seek stays of the order for relief in the
4  bankruptcy court and before the district court. These requests were denied.").
5  Therefore, the case is of no value in deciding whether an appellant's failure even to
6  seek a stay renders the appeal moot.

7  Appellants next cited *In re Popp*, 323 B.R. 260, 272 (B.A.P. 9th Cir. 2005).
8  In that case, the BAP determined that an appeal was not moot despite the
9  appellant's failure to seek a stay below.  In doing so, however, the court stated, "To
10 be candid, many, many cases from this circuit could be read to require a stay
11 pending appeal as a condition of avoiding the consequences of equitable
12 mootness."  Intervening case law, specifically the *Mortgages I* and *Mortgages II*
13 cases, and the *Transwest Resort Properties* opinion interpreting those decisions,
14 only strengthens the argument that the Ninth Circuit requires that an appellant seek
15 a stay.

16 Finally, Appellants cited *In re Fitzgerald*, 428 B.R. 872, 882 (B.A.P. 9th
17 Cir. 2010).  That case, like the *Popp* decision, excused an appellant's failure to
18 seek a stay below.  But it too was decided prior to the Ninth Circuit's *Mortgages I*,
19 *Mortgages II*, and *Transwest Resort Properties* decisions, which together make
20 clear that a stay must be sought in the court below to protect against a finding of
21 mootness on appeal.  In addition, the holding in *Fitzgerald* was delivered with the
22 caveat that, "on this record, we are unable to determine conclusively the mootness
23 of this appeal."  428 B.R. at 882.

24 None of these cases convinces the Court that Appellants' failure to seek a
25 stay in the bankruptcy court should be excused.  Appellee Trustee has met his
26 burden of showing the appeals in this case are moot as a result of the failure to seek
27 a stay.
28 ///

11

## III. CONCLUSION

Accordingly, the Motion to Dismiss Consolidated Appeals is **GRANTED** and the appeals are **DISMISSED**.

IT IS SO ORDERED.

Dated: December 7, 2016

_____
MICHAEL W. FITZGERALD
United States District Judge